UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN GROMER, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER LEIDHOLT, BADGE #481, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER MCGOVERN, BADGE #460, INDIVIDUAL AND OFFICIAL CAPACITY; AND LT. MATTSON, BADGE # 573, INDIVIDUAL AND OFFICIAL CAPACITY; <br><br> Defendants. | 4:18-CV-04151-KES <br><br><br> AMENDED ORDER GRANTING MOTION TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF FEES |

Plaintiff, Charlie Lewis Thorton Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Thornton and he filed a notice of appeal. Dockets 25 and 29. Thornton filed a motion for leave to proceed in forma pauperis on appeal without repayment of fees and filed his prisoner trust account report. Dockets 30 and 31.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.

1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or
    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that Thornton's appeal is taken in good faith. Further, he has provided the court with a report of his prisoner trust account, which indicates that he has average monthly deposits to his prisoner trust account of $0.00 and an average monthly balance of $0.00. Docket 31. Based on this information, the court waives Thornton's initial filing fee.

In order to pay his filing fee, Thornton must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Thornton's institution. Thornton will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

IT IS ORDERED:

1. That Thornton's motion to proceed in forma pauperis on appeal (Docket 30) is granted.

2. The institution having custody of Thornton is directed that whenever the amount in Thornton's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Thornton's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(2), until the $505 appellate filing fee is paid in full.

DATED August 19, 2019.

BY THE COURT:

*/s/Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE