UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN GROMER, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER LEIDHOLT, BADGE #481, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER MCGOVERN, BADGE #460, INDIVIDUAL AND OFFICIAL CAPACITY; AND LT. MATTSON, BADGE # 573, INDIVIDUAL AND OFFICIAL CAPACITY; <br><br> Defendants. | 4:18-CV-04151-KES <br><br><br> ORDER CALCULATING FILING FEES FOR PLAINTIFF'S SECOND NOTICE OF APPEAL |

Plaintiff, Charlie Lewis Thorton Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Judgment was entered against Thornton and he filed a notice of appeal. Dockets 25 and 29. This court granted Thornton leave to proceed in forma pauperis on appeal. Docket 38. The Eighth Circuit Court of Appeals affirmed this court's judgment. Docket 40. Now, Thornton filed a handwritten "Appeal Court Order Dismissing Case" which is being construed as Thornton's second notice of appeal in this case. Docket 41.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the

prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

This court has already granted Thornton leave to proceed in forma pauperis on appeal and does not need to reassess this finding. Docket 38. The court must calculate the initial filing fee for his second notice of appeal. Because Thornton's prisoner trust account (Docket 31) shows an average monthly deposit of $0.00 and an average monthly balance of $0.00, the court finds that § 1915(b)(1) applies and waives his initial partial filing fee.

Thus, it is ORDERED

1. The institution having custody of the Thornton is directed that whenever the amount in Thornton's trust account, exclusive of funds available to him in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

DATED this 27th day of November, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE