UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN GROMER, in his individual and official capacity; OFFICER LEIDHOLT, Badge #481, in his individual and official capacity; OFFICER MCGOVERN, Badge #460, in his individual and official capacity; and LT. MATTSON, Badge #573, in his individual and official capacity, <br><br> Defendants. | 4:18-CV-04151-KES <br><br><br> 1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Charlie Lewis Thornton, Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. He filed supplements to his complaint. Dockets 5, 7, 18, 23. Thornton was granted leave to proceed in forma pauperis and he paid his initial filing fee on June 17, 2019. Docket 21.[1] Because he was granted in forma pauperis status, Thornton's original complaint (Docket 1) and supplements (Dockets 5, 7, 18, 23) are subject to screening under 28 U.S.C. § 1915A.

---

[1] Thornton's case was originally dismissed due to failure to pay his initial partial filing fee. Docket 24. A clerical error was detected, and it was revealed that Thornton had timely paid his fee. *See* Docket 56. The court immediately reopened the case. *Id.*

**FACTUAL BACKGROUND**

The facts alleged in Thornton's complaint are: that defendants violated Thornton's Eighth Amendment right to be free from cruel and unusual punishment. Docket 1 at 2. Defendants "knowingly provided me another inmate's razor other than my own. . . . I strongly feel that this was a[] threat to my life and safety by defendants." Docket 1-1 at 1. In his grievances, Thornton says he cut himself with the razor and defendants state that this assertion is not factual after reviewing the video. Docket 23-1 at 3. Defendants refused to allow Thornton to be tested by a medical professional. Docket 1-1 at 1. Thornton states that due to the defendants "neglecting" proper care it "could have caused . . . certain bacterial viruses[.]" Docket 18 at 1.

Defendants took his prisoner trust account and refused to give it back, "attempting to stop my filing process." Docket 1 at 2. Thornton says this has happened four times. *Id.* at 4. Thornton sues each defendant in their individual and official capacities. *Id.* at 2. Each defendant is an employee at the Minnehaha County jail. *Id.* He has exhausted his administrative remedies. *Id.* at 4. Thornton has suffered "mental anguish" and requests 5.6 million dollars. *Id.* at 7. Thornton also lists various South Dakota state law cases that reference the tort claim of negligence. Dockets 5 and 7.

**LEGAL STANDARD**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007*); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

## LEGAL ANALYSIS

### I.     Official Capacity Claims

Thornton sues defendants, who are employed by the Minnehaha County jail, in their official and individual capacities. Docket 1 at 2. A suit against a public employee in his or her official capacity is the legal equivalent of a suit against the governmental entity itself. *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). In an official-capacity suit against a local government body, a plaintiff must show that a violation of a constitutional right was caused by an official policy or widespread custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A governmental entity is liable under § 1983 "only when the entity itself is a 'moving force' behind the violation." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987).

Here, Thornton has not identified a specific Minnehaha County policy or custom that caused any constitutional violation. Although a pro se complaint is liberally construed, it still must allege sufficient facts to support a claim. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because Thornton has failed to allege sufficient facts against Minnehaha County under the *Monell* standard, his claims against all defendants in their official capacities are dismissed.

### II.     Individual Capacity Claims

#### A.     Eighth Amendment

Thornton mentions the Eighth Amendment in his complaint. *See* Docket 1. He claims that defendants threatened his safety when they knowingly gave him another inmate's razor. *Id.* at 4. Thornton "strongly feel[s] that this was a[]

threat to [his] life and safety[.]" He claims that he cut himself with the razor but does not claim that he became ill. Docket 23-1 at 7. Thornton alleges that defendants refused to get him tested by a medical provider. Docket 1-1 at 1. He claims he has suffered from "mental anguish" because of these alleged occurrences. Docket 1 at 7.

A failure to protect claim is established when a plaintiff shows " 'that the prison official was deliberately indifferent to a 'substantial risk of serious harm.' " *Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014) (quoting *Whitson v. Stone County Jail*, 602 F.3d 920, 923 (8th Cir. 2010)). To show that there was a "substantial risk of serious harm," the plaintiff must show objectively that the "inmate is incarcerated under conditions" that pose "a substantial risk of serious harm." *Id.* Next, the plaintiff must show that the "prison official [subjectively] had a sufficiently culpable state of mind." *Id.* "[T]he state of mind is one of deliberate indifference to inmate health or safety. An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably." *Id.*

Deliberate indifference is more than negligence. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In *Farmer v. Brennan*, the court described deliberate indifference as when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. 825, 837 (1994).

Thornton claims that defendants knowingly gave him another inmate's razor on four separate occasions. Docket 1 at 4. In his supplement, Thornton claims defendants neglected to give proper care and he could have been exposed to diseases or infections. Docket 18 at 2. Even though Thornton states that defendants knowingly did this, he fails to allege facts that defendants knowingly disregarded that there was a " 'substantial risk of serious harm.' " *Walls*, 762 F.3d at 782 (quoting *Whitson*, 602 F.3d at 923). Thornton alleges that he cut himself with the razor. Doc. 23-1. Thornton claims defendants knowingly gave him a razor, but Thornton did not allege that defendants knew the razor was infected (Thornton does not even assert that the razor was infected but only that he could have been infected) or knew that Thornton was going to cut himself with the razor. Although using a razor that is not yours is certainly concerning, without facts to show that this action created a substantial risk of serious harm the claim is lacking. Thornton's failure to protect claims against defendants in their individual capacities are dismissed under 28 U.S.C. §§ U.S.C. 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### B.    First Amendment

Liberally construing the facts in Thornton's complaint, he also asserts that his First Amendment right to access the courts has been violated. Docket 1 at 2. Thornton claims that defendants took his prisoner trust account and refused to give it back, "attempting to stop my filing process." *Id.* "The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "[P]rison officials must provide

6

inmates with 'meaningful access to the courts,' . . . an inmate alleging a constitutional violation must show an 'actual injury' by 'demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' *Entzi v. Redmann*, 485 F.3d 1004, 1005 (8th Cir. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

The Eighth Circuit held that even if an inmate can show a "complete and systematic denial of access to a law library or legal assistance," he must still " 'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.' " *Klinger v. Department of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (quoting *Lewis*, 518 U.S. at 351). To succeed on a claim for denial of access to the courts, a plaintiff must show that he suffered actual injury as a result of the defendants' actions. *Lewis*, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting *Lewis*, 518 U.S. at 353).

Thornton asserts few facts regarding this issue. He claims that defendants took his prisoner trust account and refused to give it back, "attempting to stop my filing process." Docket 1 at 2. But Thornton has not demonstrated that the denial of access has "hindered his efforts to pursue a legal claim." *Klinger*, 106 F.3d at 617. Because Thornton does not allege an injury due to defendants allegedly refusing to give him his prisoner trust

account report, his access to the courts claim is dismissed under 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[2] Thus, it is ORDERED:

1.  That Thornton's complaint fails to state a claim upon which relief can

    be granted and is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

    1915A(b)(1).

2.  That Thornton's complaint is dismissed without prejudice and

    judgment is entered in favor of defendants.

Dated March 24, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[2] Because this court has dismissed all § 1983 claims against defendants under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the court declines to exercise supplemental jurisdiction over Thornton's state law negligence claims. 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a state law claim when "the district court has dismissed all claims over which it has original jurisdiction").