UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE LEWIS THORNTON JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN GROMER, in his individual and official capacity; OFFICER LEIDHOLT, Badge #481, in his individual and official capacity; OFFICER MCGOVERN, Badge #460, in his individual and official capacity; and LT. MATTSON, Badge #573, in his individual and official capacity, <br><br> Defendants. | 4:18-CV-04151-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO APPEAL WITHOUT PREPAYMENT OF FEES AND WAIVING THE APPELLATE FILING FEE |

Plaintiff, Charlie Lewis Thornton Jr., filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Thornton's complaint was previously dismissed for failure to prosecute because he failed to pay his initial partial filing fee. Dockets 24 and 25. Thornton filed a notice of appeal and the Eighth Circuit affirmed this court's decision. Dockets 29 and 40. Later, this court became aware of a clerical issue and reopened Thornton's case after realizing he had paid his initial partial filing fee on time. Docket 56.

This court screened Thornton's complaint and dismissed his complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 57. Judgment was entered against

Thornton and he filed a notice of appeal. Dockets 58 and 59. Now, Thornton moves to appeal without prepayment of fees and has provided his prisoner trust account report. Dockets 60 and 61.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

Thornton's appeal (Docket 59) is taken in good faith. His prisoner trust account report (Docket 61) shows an average monthly deposit of $3.04 and an average monthly balance of *negative* $273.99, the court finds that § 1915(b)(1) applies and waives his initial partial filing fee. Judgment (Docket 25) was only entered due to a clerical error and Thornton has already been ordered to pay the appellate filing fee (Docket 38). This court finds that it would be inequitable for Thornton to have to pay for another filing fee. Thus, Thornton's motion to appeal without prepayment of fees (Docket 60) is granted and this court waives the installment plan and waives the filing fee in full for Thornton's most recent

2

notice of appeal (Docket 59). Thornton's appellate filing fee and installment plan set forth in Docket 38 is still in place.

Thus, it is ORDERED:

1. That Thornton's motion to appeal without prepayment of fees (Docket 60) is granted and Thornton's appellate filing fee is waived in full for Docket 59. Thornton's appellate filing fee and installment plan set forth in Docket 38 is still in place.

Dated April 7, 2020.

BY THE COURT:

/s/ **Karen E. Schreier**
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE